Martin, J.
delivered the opinion of the court. The facts detailed in the first part of the judge's return, may establish the correctness of the decisions complained of, and was the case before us, might induce us to affirm them. We are not, however, apprized of the nature of the information spoken of, and its legality and sufficiency are proper subjects of inquiry on the appeal.
If the belief or consciousness of the correctness of a judgment in the court who pronounced it, could justify the judge in refusing to allow an appeal from it, appeals would very *488 rarely be allowed; for, it is hoped, no judge ever gives a decision which he does not believe to be correct.
Seghers, for the plaintiff, Denis and Mazureau for the defendants.
The affidavit, on which he grounded the rule, shows a legal appointment, which conferred certain rights on the absent heirs, to wit, the means of standing in judgment, and having their rights prosecuted. If facts have since been shown to the judge of probates, which authorized him to revoke the appointment and destroy these rights, we cannot refuse our aid to a party who seeks to show that the judge erred in receiving the evidence on which he acted—that this evidence is illegal or insufficient, and that an illogical conclusion was drawn therefrom.
We are therefore of opinion, that the rule be made absolute.